CAIN, APPELLANT, *v.* CLEVELAND
PARACHUTE TRAINING CENTER,
APPELLEE.

(No. 1043—Decided March 18, 1983.)

*Mr. Alan S. Levine,* for appellant.
*Mr. Wallace E. King,* for appellee.

COOK, P.J. On June 28, 1980, Robert W. Cain, appellant herein, went to a facility of the Cleveland Sport Parachute Training Center, appellee herein, for training in parachuting. Upon his arrival, appellant was asked to sign and did sign a "Waiver, Release, and Hold Harmless Agreement" which read as follows:

"I, Robert W. Cain, of 5235 Lynd, Lyndhurst, Ohio 44124 the undersigned, hereby acknowledge my receipt of the permission to participate in parachute jumping as a member or guest of the Cleveland Sport Parachuting Center of Grove Road, or any other field the Center may use. In consideration of the permission and privilege allowed me hereunder, I do hereby specifically agree that I will indemnify, save and hold harmless the Cleveland Sport Parachuting Center, Dale Gates, Lucinda Gates and Bob Gates, its instructors, agents and all persons whether participants or spectators of the Grove Road field or elsewhere, from any and all losses, claims, actions, or proceedings of every kind and character which may be presented or initiated to recover money, property, or damages for any injuries to persons, or injurious results, or any damages to property suffered during the conduct of the above described event and arising directly or indirectly from any activity by me as a parachute jump student, member or participant.

"In accepting the permission and privilege to participate under this 'Waiver, Release and Hold Harmless Agreement,' I understand that this extends to and applies to any personal injuries, injurious results, damages or losses which I, myself, may experience or sustain while engaged in training or parachuting with the Cleveland Sport Parachuting Center. I covenant for myself, my estate, executor, heirs and assigns not to file suit or initiate any claim procedure in respect to any personal injuries, property damages, or losses I may experience or sustain arising directly or indirectly out of my activities hereunder.

"I freely assume all risks, hazards, and losses which may befall me in connection with my exercise of the permission and privilege allowed me hereunder. I acknowledge that I have fully inspected and am adequately informed of all pertinent physical conditions of aerology and topography in the vicinity of the Grove Road field, or any other field the Center may use.

"This 'Waiver, Release and Hold Harmless Agreement' shall also apply to pre-jump access or activity by the undersigned on the air fields and drop zones in use by the Cleveland Sport Parachuting Center."

In his first parachute jump, appellant broke one of his legs.

On June 11, 1981, appellant filed a complaint against appellee alleging appellee had negligently trained him for the

parachute jump, failed to maintain the area around which he was instructed to land, and failed to provide adequate jumping equipment. Appellee filed an answer denying any negligence and asserting the affirmative defenses of assumption of risk and release.

Appellee filed a motion for summary judgment which was granted by the court on April 14, 1982.

Appellant has appealed the judgment of the trial court and has filed the following assignment of error:

"The trial court erred in granting defendant-appellee's motion for summary judgment as there exists genuine issues of material fact to be presented to the trier of fact."

The assigned error is without merit.

Civ. R. 56(C), in pertinent part, provides:

"Motion and proceedings thereon. The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"

In the instant cause, there was no genuine issue of the material fact that appellant, prior to his parachute jump, signed a "Waiver, Release, and Hold Harmless Agreement" which clearly exempted appellee from any financial liability for personal injuries appellant might suffer in the process of "training or parachuting with the Cleveland Sport Parachuting Center" and which clearly assumed "all risks, hazards, and losses which may befall me in connection with my exercise of the permission and privilege allowed me hereunder."

Also, in the instant cause, appellee was entitled to judgment as a matter of law.

A participant in a recreational activity is free to contract with the proprietor of such activity so as to relieve the proprietor of responsibility for damages or injuries to the participant caused by the negligence of the proprietor, except when caused by wilful or wanton misconduct. *Seymour* v. *New Bremen Speedway, Inc.* (1971), 31 Ohio App. 2d 141 [60 O.O.2d 236]; *Hine* v. *Dayton Speedway Corp.* (1969), 20 Ohio App. 2d 185 [49 O.O.2d 249]; *French* v. *Special Services, Inc.* (1958), 107 Ohio App. 435 [8 O.O.2d 421]; *Jones* v. *Dressel* (1978), 40 Colo. App. 459, 582 P. 2d 1057; *Owen* v. *Vic Tanny's Enterprises* (1964), 48 Ill. App. 2d 344, 199 N.E. 2d 280.

Contracts purporting to relieve one from the results of his failure to use ordinary care must be strictly construed. *Hine* v. *Dayton Speedway Corp., supra.*

After strictly construing the language of the release presented herein, we are of the opinion the purpose of said release was to insure appellee against negligence. Appellant assumed all risks incident to the sport in which he was engaged.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, J., concurs.

DAHLING, J., dissents.