## Otterbacher
## v.
## Brandywine Ski Center, Inc.
*[Cite as 3 AOA 256]*

Case No. 14269
Summit County, (9th)
Decided May 23, 1990

Joseph R. Gioffre, Attorney at Law, 1700 Terminal Tower, Cleveland, OH 44113, for Plaintiff.

James R. Kline, Attorney at Law, 900 Bond Court Bldg., 1300 E. Ninth St., Cleveland, OH 44114, for Defendant.

HAYES, J.

Defendant-appellant and plaintiff-appellee both appeal the judgment of the trial court in this action arising from injuries incurred by plaintiff-appellee while skiing at defendant-appellant's resort. We affirm.

On January 25, 1985, plaintiff-appellee, Scott Otterbacher, went to defendant-appellant's Brandywine Ski Resort, Inc., ("Brandywine"). Otterbacher did not have his own ski equipment, and had to rent ski equipment from Brandywine. The equipment rented included skis, boots, poles and bindings. The bindings couple the boots to the skis.

Subsequently, Otterbacher was skiing down Brandywine's "Champagne" slope when he became slightly airborne. Otterbacher's left ski tip then caught into the snow causing Otterbacher to fall. The fall resulted in a fracture to Otterbacher's leg just above the top of Otterbacher's left boot. At no time during the fall did the left binding release the boot from the ski.

Otterbacher subsequently filed an action against Brandywine for his injuries. Brandywine moved for summary judgment. The motion, however, was denied and the action proceeded to trial. At trial, the jury returned a verdict in favor of Otterbacher and granted damages. Following the trial, Brandywine filed a motion for judgment notwithstanding the verdict, ("JNOV"). Otterbacher also filed a motion for prejudgment interest. Both motions were denied, and both Otterbacher and Brandywine appeal.

### ASSIGNMENT OF ERROR I
"The court below erred in failing to grant appellants motions for summary judgment, directed verdict and judgment notwithstanding the verdict on the basis that appellee failed to establish willful or wanton misconduct."

In reviewing the granting or denial of a motion for summary judgment, we must determine whether:
"* * * (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion summary judgment is made, that conclusion is adverse to

that party." *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327; Civ. R. 56(C).

"The test to be applied by a trial court in ruling on a motion for judgment notwithstanding the verdict is the same test to be applied on a motion for directed verdict. The evidence adduced at trial and the facts established by admissions in the pleadings and in the record must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. *Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions.*" (emphasis in original.) *Osler* v. *Lorain* (1986), 28 Ohio St. 3d 345, 347; *Posin* v. *A.B.C. Motor Court Hotel* (1976), 45 Ohio St. 2d 271, 275; Civ. R. 50.

Brandywine asserts that the trial court erred in failing to grant Brandywine's motions for summary judgment, directed verdict and JNOV, as Otterbacher failed to establish that Brandywine acted willfully and wantonly.

Willful conduct involves intent, purpose or design to injure. *McKinney* v. *Hartz & Restle Realtors, Inc.* (1987), 31 Ohio St. 3d 244, 246; *Denzer* v. *Terpstra* (1934), 129 Ohio St. 1, paragraph two of the syllabus. Willful misconduct may also be, with full knowledge of the existing conditions, the intentional execution of a wrongful course of conduct which one knows should not be carried out, or the intentional failure to do something which one knows should be done under circumstances tending to disclose that one knows or should know that injury to another will be the probable result of such conduct. *Tighe* v. *Diamond* (1948), 149 Ohio St. 520, paragraph four of the syllabus; *Payne* v. *Vance* (1921), 103 Ohio St. 59, paragraph three of the syllabus. Wanton misconduct is when one fails to exercise any care whatsoever toward those to whom he owes a duty of care, and his failure occurs under circumstances in which there is a great probability that harm will result. *McKinney, supra; Hawkins* v. *Ivy* (1977), 50 Ohio St. 2d 114, syllabus.

In the case *sub judice,* Brandywine rented ski equipment to Otterbacher. Evidence was presented indicating Brandywine's rental agent merely pointed to the ski equipment available, did not ask Otterbacher his weight, height or level of ski experience, nor assist in Otterbacher's choice of equipment. Further, Brandywine's agent failed to test and adjust Otterbacher's chosen bindings.

Otterbacher also presented expert opinion evidence that Brandywine failed to follow published ski rental guidelines, and that failure to do so is willful and wanton disregard for human safety. The expert also opined that the bindings rented were outdated bindings which were more prone to cause injury than the more contemporary bindings.

Otterbacher presented evidence that Brandywine's failure to properly rent the ski equipment was an intentional failure to do something Brandywine knew should be done, because Brandywine knew or should know that injury to persons renting ski equipment was the probable result of such failure. Otterbacher also presented evidence that Brandywine's conduct in failing to properly rent ski equipment was a failure to exercise any care whatsoever towards Otterbacher under circumstances where there was a great probability that harm would result.

We hold that Otterbacher presented sufficient evidence at the time of the motion for summary judgment, motion for directed verdict and motion for JNOV from which reasonable minds could reach differing conclusions as to whether Brandwine's conduct was willful and wanton. The first assignment of error is overruled.

*ASSIGNMENT OF ERROR II*

"The court below erred in failing to grant appellant's motions for summary judgment, a directed verdict and judgment notwithstanding the verdict on the basis that appellee failed to establish proximate cause."

"Proximate Cause" is established where an original act is wrongful or negligent and in natural and continuous sequence produced a result which would not have taken place without the act. *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282, 287. To find that an injury was the natural and probable consequence of an act, it must appear that the injury complained of might and should have been foreseen or anticipated from the alleged wrongful or negligent act. *Jeffers* v. *Olexo* (1989), 43 Ohio St. 3d 140, 143. The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act. *Id; Manifee* v. *Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77. The foreseeability of harm usually depends on the defendant's knowledge. *Id.*

The establishment of proximate cause through medical expert testimony must be by probability, i.e., the injury was more likely than not caused by defendant's wrongful or negligent act. *Shumaker* v. *Oliver B. Cannon & Sons, Inc.* (1986), 28 Ohio St. 3d-367, 369.

In the case *sub judice*, Otterbacher's ski binding failed to release during the fall. Otterbacher presented expert evidence that Brandywine willfully and wantonly failed to follow industry rental guidelines in renting the equipment to Otterbacher. Also, Brandywine rented outdated and improperly adjusted equipment to Otterbacher. Otterbacher's expert opined that the wrongful acts of Brandywine made it less likely that Otterbacher's ski binding would release in a fall, thereby increasing the probability of injury to Otterbacher. Brandywine's expert concurred in the opinion that following the industry rental guidelines and properly maintaining and adjusting the equipment would decrease the incident of injury.

Further, Otterbacher's medical expert opined within a reasonable degree of medical certainty that Otterbacher's injury would not have occurred had the left ski binding released the fall. The medical expert also stated within a reasonable degree of medical certainty that Otterbacher's injury occurred as a direct and proximate result of Brandywine's willful and wanton misconduct.

We hold that Otterbacher's evidence was sufficient for reasonable minds to reach differing conclusions as to whether Brandywine's wrongful actions were the proximate cause of Otterbacher's injury. The second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

"The court below erred in failing to grant appellant's motions for summary judgment, a directed verdict and judgment notwithstanding the verdict on the basis that appellee's claims were barred by Ohio Rev. Code Section 4169.08, express and implied assumption of the risk, and an express anticipatory release."

Brandywine asserts that R.C. 4169.08 bars Otterbacher's action. R.C. 4169.08 provides in part:

"(A) The general assembly recognizes that skiing as a recreational sport is hazardous to skiers regardless of all feasible safety measures that can be taken. If further recognizes that a skier expressly assumes the risk of and legal responsibility for any losses or damages that result from skiing, including, but not limited to, losses or damages caused by variations in terrain; surface or subsurface snow or ice conditions; bare spots, rocks, trees, stumps, and other forms of forest growth or debris; lift towers and their components, either above or below the snow surface; utility poles; and plainly marked or visible snowmaking equipment.

"* * *.

"(C) Therefore, a skier shall have the following responsibilities:

"(1) To know the range of his ability to negotiate any slope or trail * * * to ski within the limits of his ability, to ski only on designated slopes and trails, to maintain control of speed and course at all times while skiing, to heed all posted warnings* * *."

In the case *sub judice*, Otterbacher alleged that Brandywine wrongfully rented dangerous and maladjusted ski bindings to Otterbacher. R.C. 4169.08 is not a bar to Otterbacher's claims, because R.C. 4169.08 contemplates inherent risks involved in skiing. R.C. 4169.08 does not contemplate the wrongful rental of ski equipment, as such is not an inherent risk of skiing.

Even assuming, *arguendo*, that R.C. 4169.08 encompasses the wrongful rental of ski equipment, the statute would not bar Otterbacher's claim as a matter of law. R.C. 4169.08 immunizes ski area operators from liability for injuries resulting from the inherent risks of skiing. However, the statute immunizes the ski are operator for potential negligent acts and not willful and wanton misconduct. See, *e.g., Adams* v. *Peoples* (1985), 18 Ohio St. 3d 140; *Ladina* v. *City of Medina* (Jan. 31, 1990), Medina App. No. 1825, unreported; R.C. 2744.02(B)(1)(a). The jury could have properly found that Brandywine acted willfully and wantonly. Therefore, the statute is not applicable.

Brandywine also contends that Otterbacher's claims were barred by express and implied assumption of the risk.

Primary assumption of the risk is when the defendant, as a matter of law, owes no duty to the plaintiff. *Anderson* v. *Ceccardi* (1983), 6 Ohio St. 3d 110, 114. Underlying this judicially created doctrine is the notion that certain risks are so inherent in some activities that they cannot be eliminated. *Collier* v. *Northland Swim Club* (1987), 35 Ohio App. 3d 35, 37; See *Cincinnati Base Ball Club. Co.* v. *Eno* (1925), 112 Ohio St. 175, 180-181. The General Assembly in promulgating R.C. 4169.08 has recognized that skiing is one of these inherently perilous activities.

In the case *sub judice*, Otterbacher did assume the risks inherent in the sport of skiing. R.C. 4169.08; See *Smith* v. *Seven Springs Farn, Inc.* (C.A. 3, 1983), 716 F. 2d 1002. Brandywine does, however, have a duty to refrain from wrongfully renting ski equipment to Otterbacher. Wrongful rental of ski equipment is not an inherent risk of skiing, therefore, Otterbacher did not assume such risk as a matter of law.

Secondary or implied assumption of the risk arises when one consents or acquiesces to an appreciated, known or obvious risk to one's safety, even where willful and wanton misconduct may be proved. *Wever* v. *Hicks* (1967), 11 Ohio St. 2d 230, paragraph one of the syllabus. This includes those situations where the risk is so obvious that one must have known and appreciated the risk. *Anderson, supra,* at 112. Implied assumption of the risk invokes factual questions that are generally within the province of the jury. *Wever, supra,* paragraph two of the syllabus.

We hold that the trial court correctly allowed the jury to determine whether the risk of willful and wanton misconduct in Brandywine's rental of the ski equipment was obvious to Otterbacher, and that Otterbacher consented to such known risk. Otterbacher presented evidence to Brandywine's willful and wanton misconduct in renting outdated, maladjusted bindings to Otterbacher. Reasonable minds can come to differing conclusions as to whether the risk to Otterbacher was obvious, appreciated and consented to by Otterbacher.

Further, Brandywine alleges that the release signed by Otterbacher absolved Brandywine from any liability arising from the use of the rental equipment. The release provides:

"RENTAL AGREEMENT

"I hereby release Brandywine Ski Center and its employees (and the sponsors of my group, if any), from any liability for damage to any persons of property resulting from the use equipment rented as listed herein.

" I understand the bindings furnished herewith are release type designed to reduce the risk or degree of injuries from falling, and the (sic) these bindings will not release under all circumstances and are no guarantee for my safety. * * * ."

A participant in a recreational activity is free to contract with the proprietor of such activity so as to relieve the proprietor of responsibility for damages or injuries to the participant caused by negligence of the proprietor except when caused by willful or wanton conduct . *Cain* v. *Cleveland Parachute Training Center* (1983), 9 Ohio App. 3d 27, 28; see *Richard A. Berjian, D.O., Inc.* v. *Ohio Bell Tel. Co.* (1978), 54 Ohio St. 2d 147, paragraph two of the syllabus.

In the case *sub judice,* we hold that the anticipatory release was valid to absolve Brandywine for any negligence in renting ski equipment. There was, however, sufficient evidence presented from which reasonable minds could reach differing conclusions as to whether Brandywine's actions amounted to willful and wanton misconduct. The trial court did not err in failing to grant Brandywine's motions for summary judgement, directed verdict and UNOV. The third assignment of error is overruled.

### ASSIGNMENT OF ERROR IV

"The court below erred in failing to grant defendant a new trial due to errors of law which occurred at trial which were prejudicial to defendant, including erroneous jury instructions, admission of the testimony of Alan Caskey, an award of damages that was excessive and an absence of evidence supporting the verdict."

In determining whether the trial court properly denied Brandywine's motion for new trial, we must look to see if the trial court abused its discretion by not finding that a manifest injustice was done. *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82, paragraph three of the syllabus; Civ. R. 59. We must view the evidence favorably to the trial court's action. *Jenkins* v. *Krieger* (1981), 67 Ohio St. 2d 314, 320. An abuse of discretion is more than an error of law or judgment, but implies that the attitude on the part of the trial court is unreasonable, arbitrary or unconscionable. *Ruwe* v. *Bd. of Springfield Twp. Trustees* (1987), 29 Ohio St. 3d 59, 61.

Brandywine asserts that the trial court erred in failing to instruct the jury on R.C. 4169.08 and negligence. Brandywine also alleges the trial court erred in instructing the jury that it could award damages for lost wages.

A jury is entitled to receive from the court such instructions as will fully place it in possession of the issuable facts in controversy as set forth by the pleadings and the evidence. *Marshall* v. *Gibson* (1985), 19 Ohio St. 3d 10, 12. Should the jury fail to receive such instructions or the instructions as a whole are misleading, a new trial is warranted. *Id.*

First, the trial court correctly determined that R.C. 4169.08 was inapplicable to the instant action. In addition, the trial court correctly found

that the release was valid and binding, thereby, allowing recovery only upon a finding of Brandywine's willful and wanton misconduct. R.C. 4169.08 and negligence were not in issue in the pleadings and evidence, therefore, the trial court did not err in failing to instruct the jury on such theories.

Second, Otterbacher presented evidence of Otterbacher's lost wages. As lost wages were in controversy in the pleadings and evidence, the trial court correctly instructed the jury on lost wages.

Brandywine also contends that the trial court erred in admitting testimony from Otterbacher's expert, Dr. Alan Caskey, because Caskey was not properly qualified as an expert.

Evid. R. 702 provides:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

A determination as to the admissibility of expert testimony is within the sound discretion of the trial court. *Schaffter* v. *Ward* (1985), 17 Ohio St. 3d 79, 80.

In the case *sub judice* Caskey holds a doctorate degree in recreation and park administration. Caskey also was a member of a committee which set standards for ski equipment and is also a certified ski technician. We hold that Caskey had specialized knowledge regarding ski equipment and rental of ski equipment. Caskey could assist the trier of the fact in understanding the evidence presented and determining the facts in issue. Therefore, the trial court did not abuse its discretion in allowing the expert testimony and denying the motion for new trial.

Brandywine also contends that the jury award was excessive and was the result of passion and prejudice. Further, Brandywine asserts that the judgment was against the manifest weight of the evidence, therefore, the trial court erred in failing to grant a new trial. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279, syllabus.

In the case *sub judice*, there was sufficient evidence presented to support the verdict and the damage award. Otterbacher presented compe-

tent, credible evidence that Brandywine's actions were willful and wanton misconduct. Also, Otterbacher presented evidence that such conduct was the proximate cause of Otterbacher's injury. Further, Otterbacher presented sufficient evidence of damages in the form of medical bills, lost wages, pain and suffering and permanent injuries affecting, into the indefinite future, Otterbacher's ability to work and perform his normal physical activities. We hold that the verdict and damage award were not against the manifest weight of the evidence. The trial court correctly denied Brandywine's motion for new trial. The fourth assignment of error is overruled.

### ASSIGNMENT OF ERROR V

"The court below erred by not granting a new trial based on newly discovered evidence.

"iv. R. 59(A) (8) provides:

"(A) A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

"* * *.

"(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;"

To warrant the granting of a motion for a new trial based on the ground of newly discovered evidence, it must be shown that (1) the new evidence must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5) it must not be merely cumulative to former evidence, and (6) it must not merely impeach or contradict the former evidence. *Sheen* v. *Kubiac* (1936), 131 Ohio St. 52, paragraph three of the syllabus; *Marksbury* v. *Marksbury* (1988), 46 Ohio App. 3d 17, 18.

In the case *sub judice*, Brandywine contends that photographs depicting signs posted in the Brandywine ski area were newly discovered evidence warranting a new trial. These signs stated that renters of ski equipment should seek assistance if their body weight deviated from the weights and boot sizes set forth on the rental chart.

At trial Brandywine presented evidence that these signs were posted at the time of Otterbacher's ill-fated visit to Brandywine. Therefore, the photographs were merely cumulative evidence which would probably not change

the result if a new trial was granted. The photographs corroborate the existence of the signs at some place and at some time. Nevertheless, the key evidence which might change the result if a new trial was granted, would be that the signs were posted at the time of the incident. The photographs do not corroborate the key evidence, nor do they tend to make the testimony presenting such evidence more likely true.

We hold that discovery of the photographs does not warrant a new trial, and the trial court did not abuse its discretion in denying Brandywine's motion for new trial. The fifth assignment of error is overruled.

## CROSS-APPELLANT'S ASSIGNMENT OF ERROR

"It was error for the trial court to deny plaintiff's motion for prejudgment interest, made pursuant to Ohio Revised Code Section 1343.03(C), when the facts demonstrated plaintiff's good faith effort to settle prior to trial and the lack of a good faith effort to settle prior to trial on the part of the defendant.

"R.C. 1343.03(C) provides in part:

"(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct * * * shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines * * * that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

A party has not "failed to make a good faith effort to settle" under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. *Kalain v. Smith* (1986), 25 Ohio St. 3d 157, syllabus. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer. *Id.* The decision as to whether a party acted in good faith is within the sound discretion of the trial court. *Id.* at 159.

There is nothing in the record which suggests that Brandywine failed to cooperate fully in the discovery proceedings. In fact, much of the delay involved in the pretrial process, albeit reasonable and necessary, was result of Otterbacher's actions. Moreover, Brandywine's

settlement efforts were reasonable, in light of the evidence and expert opinion presented to Brandywine. Brandywine had a reasonable belief that Otterbacher's claims were barred by the R.C. 4169.08. Further, Brandywine's expert opined that even if the ski statute did not apply, Otterbacher could not meet the burden of proof. The cross assignment of error is overruled.

*Judgment affirmed.*

CACIOPPO, P.J., and CIRIGLIANO, J., concur.

Hayes, J., Judge of the Domestic Relations Court of Portage County, sitting by assignment pursuant to Article IV, Section 5(A) (3), Constitution.