BAKER, Appellant,

v.

JUST FOR FUN PARTY CENTER, L.L.C., Appellee.

[Cite as *Baker v. Just for Fun Party Ctr., L.L.C.*,
185 Ohio App.3d 112, 2009-Ohio-6201.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–081229.

Decided Nov. 25, 2009.

Barry D. Levy and James C. Alexander, for appellant.

Frost Brown Todd L.L.C. and Joseph W. Walker, for appellee.

———————

DINKELACKER, Judge.

{¶ 1} In one assignment of error, plaintiff-appellant, Joi Baker, contends that the trial court improperly granted summary judgment to defendant-appellee, Just for Fun Party Center. Since the waiver executed by Baker precluded her recovery in this case, we affirm.

### *Just For Fun—Waiver and Release*

{¶ 2} Baker's daughter received an invitation to attend a child's birthday party at Just for Fun Party Center. Along with the invitation itself, the envelope contained a half-page "Waiver/Release." The document stated that "[i]n consideration for being allowed to enter into the play arena and/or participate in any activities, events, parties or programs at the Just For Fun Play Center, LLC, the undersigned, on his or her own behalf and on the behalf of the minor identified below and those persons and entities set forth in numbered paragraph 4, acknowledges and agrees that: * * *

{¶ 3} "(2) there is a risk of injury from this equipment, and from participation in the activities engaged in, and while particular rules, equipment and personal discipline may reduce the risk, the risk still exists and is accepted and assumed by me; and

{¶ 4} "(3) I knowingly and freely assume all such risks, both known and unknown, and however arising, even if arising from the negligence of other participants and employees. I will assume full responsibility for the participants listed below. I agree to assume liability for all medical costs, attorneys' fees and any and all other expenses and damages resulting from injury to myself, the participants listed below and those persons and entities set forth in numbered paragraph 4 below, and

{¶ 5} "(4) I, for myself and on behalf of my spouse (if any), children, heirs, * * * hereby release and hold harmless Just For Fun Party Center, LLC, and its * * * employees and all other participants with respect to any and all expenses, medical bills, causes of action, claims, injury, disability, loss and damage to person or property to the fullest extent permitted by law."

{¶ 6} Underneath the text, the form had a line for "Participant Name." Baker printed the name of her daughter on that line. The form also had a separate line for the "Adult Guardian Signature," and this was the line Baker signed. Baker would later testify that she thought the release applied only to her daughter and did not apply to her personally.

### Party Results in Injury and Litigation

{¶ 7} On the day of the event, Baker arrived with her daughter and husband. While there, Baker and her husband were shown an area that contained inflatable obstacle courses intended for older children and adults. An employee of Just for Fun offered to allow some of the adults attending the child's birthday party to try one of the courses. After another couple had gone through the course, Baker and her husband entered. When Baker reached a part of the course called the "Log Roll," the employee instructed Baker to go over the obstacle, rather than trying to push through it as others had done.

{¶ 8} When Baker did as instructed, she felt an impact that she described as similar to hitting concrete. As a result of this impact, Baker sustained injuries to her shoulder that required medical attention. Several months later, Baker filed suit against Just for Fun for those injuries. After discovery was concluded, Just for Fun filed a motion for summary judgment. One of the arguments advanced by Just for Fun was that the claims were barred by the "Waiver/Release" document. The trial court granted the motion and awarded judgment to Just for Fun. This appeal followed.

### The Release Bars Recovery

{¶ 9} Summary judgment is appropriate if, because reasonable minds can come to only one conclusion, no issue of material fact exists for trial.[1] When making this decision, the trial court must construe all evidence most strongly in favor of the nonmoving party.[2] If the legal conclusion reached from this view of the

---

1. *Greene v. Whiteside*, 181 Ohio App.3d 253, 2009-Ohio-741, 908 N.E.2d 975, at ¶ 23; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267; *Stinespring v. Natorp Garden Stores* (1998), 127 Ohio App.3d 213, 215, 711 N.E.2d 1104.

2. Id.

evidence is adverse to the nonmoving party, the moving party is entitled to judgment in its favor as a matter of law.[3]

{¶ 10} A participant in a recreational activity is free to contractually relieve the operator of liability for injuries that might be negligently caused.[4] The participant must make a conscious choice to accept the consequences of the other party's negligence.[5] That conscious choice is manifested through an agreement that states a clear and unambiguous intent to release the party from liability.[6]

{¶ 11} Baker argues that the release in this case was "unclear and ambiguous as applied to Baker's claim for negligence against Just for Fun." Baker argues that it was unclear that the release applied to her as well as to her daughter.

{¶ 12} According to Baker, she believed that the release meant only that she was required "to supervise her daughter to make sure she would not get hurt on the premises." She also claims that the reference to a "participant" would have led a reasonable person to believe that the release applied only to Baker's daughter, since Baker did not know at the time of signing the release that she would also participate in the activities. Finally, Baker notes that her husband was also allowed to participate, even though he was not required to sign the release.

{¶ 13} We conclude that the release was neither unclear nor ambiguous as to whom it referred. The first, unnumbered paragraph referred to "the under-signed" as acting "on his or her own behalf and on behalf of the minor identified below and those persons and entities set forth in numbered paragraph 4 * * *." Thus, the release applied to three groups of people: (1) the person who signed the form (Baker), (2) the minor identified below (Baker's daughter), and (3) those listed in the fourth paragraph ("my spouse," i.e., Baker's husband).

---

3. Id.

4. *Swartzentruber v. Wee–K Corp.* (1997), 117 Ohio App.3d 420, 424, 690 N.E.2d 941, discretionary appeal not allowed (1997), 78 Ohio St.3d 1495, 678 N.E.2d 1231, citing *Simmons v. Am. Motorcyclist Assn., Inc.* (1990), 69 Ohio App.3d 844, 846, 591 N.E.2d 1322; *Cain v. Cleveland Parachute Training Ctr.* (1983), 9 Ohio App.3d 27, 28, 9 OBR 28, 457 N.E.2d 1185; *Seymour v. New Bremen Speedway* (1971), 31 Ohio App.2d 141, 147, 60 O.O.2d 236, 287 N.E.2d 111.

5. *Holmes v. Health & Tennis Corp. of Am.* (1995), 103 Ohio App.3d 364, 367, 659 N.E.2d 812, citing *Anderson v. Ceccardi* (1983), 6 Ohio St.3d 110, 114, 6 OBR 170, 451 N.E.2d 780; *Siglow v. Smart* (1987), 43 Ohio App.3d 55, 539 N.E.2d 636.

6. Id., citing *Tanker v. N. Crest Equestrian Ctr.* (1993), 86 Ohio App.3d 522, 621 N.E.2d 589.

{¶ 14} There is no reading of this document that would support a conclusion that it was intended only as a reminder that Baker was to attend to her daughter "to make sure she would not get hurt on the premises." While paragraph three did state that "I also assume full responsibility for the participants listed below," it went on to state that Baker was assuming the risk of injury "to myself, the participants listed below and those * * * set forth in numbered paragraph 4." She was assuming this risk, even if the injury arose "from the negligence of other participants and employees."

{¶ 15} Additionally, Baker's argument that she was not signing as a participant is without merit. The signatory signed the release "[i]n consideration for *being allowed to enter the play arena and/or* participate * * *." [7] Baker's argument assumes its own conclusion—that the release referred only to injuries sustained by the child participants. Since the form clearly and repeatedly indicated that Just for Fun would not be liable for injuries to the participants, the signatory, or those related to the signatory, the fact that Baker did not intend to "participate" had no relevance.

{¶ 16} Finally, Baker's observation that her husband was not required to sign the release did not affect the outcome. He was covered under the fourth paragraph as her spouse. There was no need for him to sign a separate release.

### Conclusion

{¶ 17} For the reasons set forth above, the "Waiver/Release" unambiguously barred Baker's claims for negligence arising from the injuries she sustained at Just for Fun. The release referred to the signatory and the participant separately, and it repeatedly indicated that Just for Fun would not be liable to either for any injuries resulting from negligence. Therefore, the trial court properly granted Just for Fun's motion for summary judgment. Baker's sole assignment of error is overruled, and the trial court's judgment is affirmed.

Judgment affirmed.

HENDON, P.J., and SUNDERMANN, J., concur.

---

7. Emphasis added.