CLARY, APPELLANT, *v.* McDONALD ET AL., APPELLEES.[*]

(No. 233—Decided June 12, 1963.)

*Motion to certify the record (38332) overruled, December 18, 1963.

*Mr. Robert H. Huffer* and *Mr. Marshall Douthett*, for appellant.

*Mr. Thomas A. Renick* and *Mr. Allen Berger*, for appellees.

COLLIER, P. J. This action was instituted in the Common Pleas Court of Pickaway County by Otis Clary, Jr., plaintiff, appellant herein, hereinafter designated as plaintiff, against D. E. McDonald, Orlando Martin, Jr., and Leroy Diehl, defendants, appellees herein, hereinafter designated as McDonald, Martin and Diehl.

The plaintiff, in substance, alleges in his petition that McDonald, on March 26, 1960, was the sole proprietor of a retail business in the city of Circleville, merchandising tires and appliances; that Martin was an employee of McDonald and on that date was working in a repairshop of the business of McDonald; that on said date the plaintiff accompanied Diehl, as a friend and companion, when Diehl went to McDonald's place of business to exchange tires on his truck; that, as the plaintiff and Diehl were walking from the rear of the business premises of McDonald to the front part of the premises, Diehl stopped in a room adjacent to the repair shop, mounted a small power mowing machine, called a ''Wheelhorse,'' and started the machine; that Diehl called the plaintiff's attention to the machine and requested the plaintiff to remove a hammer which was lying under one of the wheels of the machine; and that as the plaintiff reached to pick up the hammer his left hand came in contact with the cutting blade attached to the machine, resulting in the amputation of the second, third and fourth fingers of his left hand.

Plaintiff alleges that Diehl was negligent in starting and operating the mowing machine and requesting plaintiff to remove the hammer without knowing the full condition of the machine; that Martin was negligent in that he could have and should have heard Diehl starting and operating the machine and could have and should have prevented Diehl from so doing; and that McDonald, as owner of the business, was negligent in permitting the mowing machine to be equipped with a mowing blade attached and in having the machine filled with gasoline and in operating condition. Plaintiff claims that these alleged acts of negligence of the defendants were the proximate cause of his injuries.

Diehl filed no answer but appeared in person without counsel at the trial. McDonald filed an answer in which he admits he is proprietor of such business establishment, that plaintiff was on his premises as alleged and received some injury to his hand, but denies all other allegations of plaintiff's petition. Martin's answer is similar in all respects to McDonald's except he admits that he was an employee of McDonald at the time and place aforesaid.

Upon the trial, the evidence adduced by the plaintiff established generally the facts alleged in the petition. The plaintiff testified, however, that the purpose of his visit to the store was to inquire about the purchase of the used tires removed from Diehl's truck, which was contradictory to a prior statement made by him in a deposition. The evidence shows also that on a prior visit to the store Diehl was shown by Martin how to start the mowing machine which was owned by a customer and in the shop for repairs, and that on the day of the injury Diehl inquired of Martin whether the mower would run and was told by Martin that he had been working on it and he thought it would run.

At the close of plaintiff's evidence the court sustained the motion of McDonald and Martin for a directed verdict, and plaintiff's motion for a new trial was overruled. The plaintiff's appeal on questions of law to this court followed. The plaintiff indicated no desire to prosecute the case against Diehl and we are not concerned with this defendant in the consideration of this appeal.

The single question before us is whether the trial court was justified in directing a verdict for McDonald and Martin. In considering this motion for a directed verdict the court was required to assume, for the purpose of the motion, the admission of all facts which the evidence tends to prove, and construe the evidence most strongly in favor of the plaintiff. Such motion presents purely a question of law and must be determined on undisputed evidence. 52 Ohio Jurisprudence (2d), 615, Section 120. The plaintiff is also entitled to the benefit of any reasonable inferences that may be drawn from the undisputed facts.

Several questions of law are presented by the record, but the case turns chiefly upon the question, as to whether, at the time of the injury, the plaintiff was a licensee or an invitee,

and what duty, if any, the defendants, McDonald and Martin, owed the plaintiff under the circumstances disclosed by the evidence. The law classifies persons who may enter the premises of another as trespassers, licensees and invitees. 39 Ohio Jurisprudence (2d), 560, Section 49. Construing the evidence most favorably to the plaintiff, we must assume, for the purpose of the motion for a directed verdict, that the plaintiff went to McDonald's store to inquire about the purchase of the used tires removed from Diehl's truck. As such business visitor, the plaintiff entered McDonald's store as an invitee. McDonald, as proprietor, was required to exercise ordinary care to maintain the premises in a reasonably safe condition so that the plaintiff would not be unreasonably exposed to danger. 39 Ohio Jurisprudence (2d), 583, Section 63.

However, the duty of McDonald, as proprietor of the store, to exercise ordinary care to make the premises reasonably safe for the plaintiff was limited to that part of the business establishment to which the plaintiff would be reasonably expected to go. McDonald was not required to render safe for plaintiff's use that part of the building reserved as a repairshop in which the plaintiff had no business to transact and to which place plaintiff went for his own pleasure or curiosity. The record contains no evidence of an invitation, express or implied, for the plaintiff to go into the repairshop. Under the most liberal interpretation of the evidence, Martin's answer to Diehl's inquiry about the running condition of the mower could not be construed as an implied invitation to operate the machine.

38 American Jurisprudence, 794, Section 133, on Negligence reads:

"The duty of the proprietor of a place of business which is open to public patronage to use ordinary care to make the premises reasonably safe for customers is generally limited to that part of the premises designed, adapted, and prepared for the accommodation of customers, or to which customers may reasonably be expected to go. The duty of the proprietor of a place of business to his customers does not require him to render safe for their use parts of the building reserved for use only by him and his employees, such as shipping rooms and warerooms, unless he expressly or impliedly invites or induces a customer to enter such a reserved part. * * * It has been held

that a person who visits a portion of a store not frequented by visitors, entirely on his own business, without the owner's invitation or knowledge, is a mere licensee, and cannot recover for an injury received in falling down an open elevator shaft on that part of the premises."

See, also, same volume, page 761, Section 100.

The duty of McDonald, the proprietor, to the plaintiff, an invitee, extended no further than the invitation. When the limits of the invitation were exceeded and the plaintiff went into the repairshop in a separate room reserved for use only by McDonald and his employees, that duty ceased and the plaintiff lost his status as an invitee and became a mere licensee. A licensee takes his license subject to its attendant perils and risks, and the licensor owes no duty except to refrain from wantonly injuring him. *Hannon, Admr.,* v. *Ehrlich,* 102 Ohio St., 176.

As to Martin, it is conceded that he was an employee of McDonald. The record contains no evidence of any active negligence on his part. It was held in *Parras* v. *Standard Oil Co.,* 160 Ohio St., 315, paragraph one of the syllabus:

"The mere happening of an accident gives rise to no presumption of negligence, and where one is accidently injured while he is a business guest upon the premises of another, the burden is upon the person injured to show negligence upon the part of such other before he can recover damages from such other."

In this action the burden was upon the plaintiff to show a duty owing by McDonald and Martin to the plaintiff, a failure to discharge that duty and that as a proximate result of such failure the plaintiff was injured. The evidence adduced by the plaintiff does not establish these essential elements of proof.

Our conclusions above set forth in regard to plaintiff's status when he sustained the injury obviate the necessity of any consideration of the other questions presented by the assignments of error. The trial court correctly directed a verdict for the defendants and, therefore, the judgment is affirmed.

*Judgment affirmed.*

Brown and Carlisle, JJ., concur.