**TANKER, Appellant,**

v.

**NORTH CREST EQUESTRIAN CENTER et al., Appellees.**

[Cite as *Tanker v. N. Crest Equestrian Ctr.* (1993), 86 Ohio App.3d 522.]

Court of Appeals of Ohio,
Lorain County.

No. 92CA005386.

Decided Feb. 24, 1993.

*Ronald Rawlin,* for appellant.

*Ronald H. Isroff* and *Timothy Fox,* for appellees.

---

BAIRD, Judge.

This cause comes before the court upon the appeal of Kathleen Tanker from an order entered in the Lorain County Court of Common Pleas granting summary judgment to North Crest Equestrian Center ("North Crest"), Julie Taylor, and Phillip Kast.

Appellant sought to take horseback riding lessons from North Crest. Before beginning lessons, she signed a document entitled "Release" which read, in pertinent part:

"In consideration of * * * riding at North Crest Equestrian Center (Can–Am Farm, Inc.), and other valuable consideration, receipt of which is hereby acknowledged, the undersigned hereby agrees as follows:

"1. To assume full responsibility and liability for any and all * * * personal injury * * * associated with the riding * * * of any horse or horses at North Crest Equestrian Center * * *.

"2. To forever indemnify and save harmless North Coast Equestrian Center * * *, its owners, agents, officers and employees from any and all legal liability for damages, expenses, legal fees, judgments or costs arising out of any loss or injury sustained as a result of riding, training, or boarding any horse or horses at North Crest Equestrian Center * * *.

"3. To indemnify and save North Crest Equestrian Center * * * harmless from any and all claims and liability for * * * personal injury caused by the * * * negligence of other students, riders, trainers or boarders at North Crest Equestrian Center * * *."

This "release" was also signed by Julie Taylor, owner of North Crest.

While receiving a lesson from North Crest's trainer/instructor, Phillip Kast, appellant was instructed to drop the reins of the horse she was riding. The horse was then under the control of Kast, who used a lunge line and a whip to lead the horse. The horse then bolted and threw appellant, who sustained a broken back and other injuries.

Appellant filed suit against North Crest, Taylor, and Kast. In their motion for summary judgment, defendants-appellees argued that, through the signed document, they were released from liability and that appellant assumed the risk of her injuries. Appellant submitted an affidavit that she did not intend to release North Crest or the other defendants from liability for injuries she might sustain as a result of their negligence, but read the "release" as an indemnification agreement. Appellant also submitted an affidavit from another student who had been injured in essentially the same manner.

The trial court granted defendants' motion for summary judgment, and Tanker now appeals, asserting a single assignment of error.

## Assignment of Error

"The trial court erred in granting defendants-appellees' motion for summary judgment."

The appellant argues that the "release" was essentially an indemnification agreement and, in any case, did not meet a "clear and unambiguous" standard. Therefore a question of fact remained for the jury, namely the intent of the parties. Therefore, appellant argues that summary judgment should not have been granted. We agree.

In reviewing the granting or denial of a motion for summary judgment, we must determine whether:

" * * * (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471–472, 364 N.E.2d 267, 274; *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976; Civ.R. 56(C).

 In contract cases, the construction of agreements which are unambiguous on their face is a matter of law. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146. On the other hand, ambiguity in the terms of a contract creates a jury question regarding the intent of the parties. *Inland Refuse Transfer Co. v. Browning–Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 15 O.B.R. 448, 474 N.E.2d 271. In such a case, summary judgment would be inappropriate.

Paragraphs 2 and 3 of the document involved in this case are written in indemnity language. Appellee argues that, through these paragraphs, Tanker agreed to indemnify North Crest from liability for personal injury caused by the negligence of its trainers and to indemnify North Crest for expenses arising out of injuries sustained while riding at North Crest. The appellees seem to infer that, therefore, North Crest, its trainer, and its owner are released from suit. We disagree.

 Indemnity agreements purporting to relieve a party from the consequences of that party's own negligence must be expressed in terms which are "clear and unequivocal" or they are unenforceable. *Kay v. Pennsylvania Rd. Co.* (1952), 156 Ohio St. 503, 46 O.O. 417, 103 N.E.2d 751; *Rogers v. Ayjay Dev., Inc.* (Nov. 27, 1991), Auglaize App. No. 2–91–2, unreported, 1991 WL 256520. We do not find that paragraphs 2 or 3 unequivocally released the appellees from liability for their own negligence. Paragraph 2 can be read as only an indemnity agreement and not a release; that is, it does not, on its face, release the parties mentioned from their own negligence. Paragraph 3, while facially applicable to negligence cases, only applies to "other students, riders, [or] trainers," and does not necessarily apply to North Crest's own trainers. As such, the indemnity clauses cannot be construed to release the appellees from liability.

 Our analysis, therefore, must turn to paragraph 1 of the "release." Appellees argue that through this paragraph appellant assumed full responsibility

and liability for all personal injury associated with riding horses at North Crest. Once again, we note that terms of an agreement must be unambiguous in order for summary judgment to be appropriate. Furthermore, it is a well-recognized rule that a release that is so general that it includes within its terms claims of which the releasor was ignorant, and thus not within the contemplation of the parties when the release was executed, will not bar recovery of such claims. *Isroff v. Westhall Co.* (Feb. 21, 1990), Summit App. No. 14184, unreported; 1990 WL 15192. Annotation (1947), 171 A.L.R. 184.

■ Without even using the term "release," paragraph 1 purports to cause appellant to assume full responsibility for anything that may happen to appellant or anyone else while riding. It purports to provide such comfort for everyone in the world. Such a clause is so general as to be meaningless. The intentions of the parties should be ascertained by a jury.

Therefore, we find appellant's assignment of error is well taken. We reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

Cook, P.J., concurs.

Quillin, J., concurs in part.

Quillin, Judge, concurring in part.

I believe the purported release cannot be reasonably read to release North Crest from liability to Tanker.