**HOLMES, Appellant,**

v.

**HEALTH & TENNIS CORPORATION OF AMERICA et al., Appellees.**

[Cite as *Holmes v. Health & Tennis Corp. of Am.* (1995), 103 Ohio App.3d 364.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C-940138.

Decided May 3, 1995.

Richard E. Reverman, for appellant.

Benesch, Friedlander, Coplan & Aronoff and Joseph P. Thomas, for appellees.

**366**

GORMAN, Presiding Judge.[1]

Plaintiff-appellant, Douglas Holmes, is a member of the health club owned by the defendants-appellees (collectively referred to as "the health club"). During one of his visits to the health club, Holmes asked an employee to "spot" him while he lifted weights. The employee failed to come to the aid of Holmes when the weights became too heavy for him, and Holmes was pinned under the weights. Holmes suffered injuries to his back and sued the health club for damages. The trial court granted summary judgment in favor of the health club, and Holmes appealed.

Holmes's sole assignment of error is that the trial court erred in granting summary judgment for the health club because genuine issues of material fact exist with respect to his claim. According to Holmes, the "waiver and release" provision in his membership contract with the health club does not encompass the alleged negligence and injury at issue. Consequently, Holmes argues, he has not waived his right to recover damages, nor has he released the health club from its alleged negligence.

The "waiver and release" provision in the membership contract reads as follows:

"Use of our facilities is at your own risk, and we shall not be liable for any injury or damages resulting from your use of our services and facilities. If you are aware of any personal health problems, we urge you to see your doctor before using our facilities."

The health club argues that this provision operates as an express assumption of risk on the part of the members. Express assumption of risk is that category of assumption of risk which is contractual in nature and arises "where a person expressly contracts with another not to sue for any future injuries which may be caused by that person's negligence." *Anderson v. Ceccardi* (1983), 6 Ohio St.3d 110, 114, 6 OBR 170, 174, 451 N.E.2d 780, 783; *Siglow v. Smart* (1987), 43 Ohio App.3d 55, 539 N.E.2d 636. Express assumption of risk is distinguishable from primary assumption of risk: the former is an explicit release from one's duty of care, while the latter is an implicit acknowledgement that one owes no such duty. *Anderson, supra;* Prosser and Keeton on Torts (5 Ed.1984), Chapter 11, at Section 68. Primary assumption of risk is invoked where the activity undertaken involves such obvious and unavoidable risks that no duty of care is said to attach.

In the case *sub judice,* both parties concede that a duty of care was owed to Holmes. The issue in controversy is whether Holmes waived that duty and

---

1. We have *sua sponte* removed this case from the accelerated calendar.

released the health club from liability. Holmes maintains that contracting to be a member at the health club did not constitute an express assumption of risk for any injuries arising from the negligence of the health club. Specifically, Holmes argues that he did not expressly assume the risk of an employee's alleged negligence in failing to use due care when "spotting" Holmes while he was weightlifting.

For express assumption of risk to operate as a bar to recovery, the party waiving his right to recover must make a conscious choice to accept the consequences of the other party's negligence. *Anderson, supra.* It follows that in order for a conscious acceptance to be made, an agreement purporting to constitute an express assumption of risk must state a clear and unambiguous intent to release the party from liability for its negligence. See *Tanker v. N. Crest Equestrian Ctr.* (1993), 86 Ohio App.3d 522, 621 N.E.2d 589.

Based on our review of the record in this case, we cannot say that the "waiver and release" contained in the membership contract expressed a clear and unambiguous intent by Holmes to release the health club from liability for its negligence, or for the negligence of its employees. Therefore, we hold that a genuine issue of material fact exists as to whether the parties intended the release to encompass the negligent acts of employees. The intention of the parties is a factual inquiry, and is properly ascertained by a jury. *Tanker, supra,* at 526, 621 N.E.2d at 591; *Bahamas Agricultural Industries Ltd. v. Riley Stoker Corp.* (C.A.6, 1975), 526 F.2d 1174; *United States v. Leigh* (S.D.Ohio 1981), 515 F.Supp. 405. The party moving for summary judgment has the burden of demonstrating that material facts are not in dispute and no genuine issue of material fact exists before the nonmoving party's reciprocal burden of specificity is triggered. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801. The health club did not meet this burden. Therefore, summary judgment was improperly granted. Holmes's assignment of error is sustained.

Therefore, the judgment of the trial court is reversed, and this cause remanded for a trial in which the factfinder should determine whether the parties intended the waiver and release provision in the membership contract to release the health club from liability for the negligence of its employees. If it is determined that the intent of the parties was to release the health club from its liability for the negligence of its employees, then judgment must be granted in favor of the health club. If, on the other hand, it is determined that there was never a meeting of the minds regarding a release from liability for negligence, then the release does not apply and the trial should also include a determination on the merits of Holmes's claim of negligence.

*Judgement reversed
and cause remanded.*

DOAN, J., concurs.

M.B. BETTMAN, J., concurs in part.

M.B. BETTMAN, J., concurring in part.

I agree with my colleagues that summary judgment was incorrectly granted in this case, and that the matter must go back for trial. I write separately because I have a different view of the purported release and the issues I believe should be tried on remand. Contractual releases of liability for negligence are disfavored in the law. *Orlett v. Suburban Propane* (1989), 54 Ohio App.3d 127, 561 N.E.2d 1066. In order for such releases to be valid, the language must be clear and unambiguous. *Kay v. Pennsylvania RR. Co.* (1952), 156 Ohio St. 503, 46 O.O. 417, 103 N.E.2d 751 (same rule for indemnity contracts purporting to release negligence). Some courts have held that the word negligence itself must appear clearly and prominently in the release. See, *e.g.*, Prosser and Keeton on Torts (5 Ed.1984), Chapter 11, at Section 68.

I agree that the "waiver and release" provision in this case is not clear and unambiguous. As a result, I do not believe the health club which drafted the form is entitled to be released from its own negligence. I would hold the "waiver and release" provision to be invalid as a matter of law, and remand the case for trial on whether the employee who voluntarily undertook the job of "spotting" Holmes was negligent, and, if so, whether that negligence was the proximate cause of injury to Holmes.