LEVINE, Appellant and Cross–Appellee,

v.

GROSS et al., Appellees and Cross–Appellants.

[Cite as *Levine v. Gross* (1997), 123 Ohio App.3d 326.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18240.

Decided Sept. 10, 1997.

*Kenneth J. Marco,* for appellant and cross-appellee.

*William D. Dowling,* for appellees and cross-appellants.

EDWARD J. MAHONEY, Judge.

This appeal is from a summary judgment granted in the common pleas court wherein the trial court held that appellant Jay Levine had assumed the risk of eye injuries he received while "sparring" and "grappling" with appellee Gross, his karate instructor. We affirm.

On November 10, 1994, appellant Jay Levine asked his karate instructor, appellee James Gross, to "spar." Levine, who had sparred before, wanted to improve his techniques for defending himself in case he was ever attacked.

Sparring involves light, controlled contact with areas of an opponent's body such as the chest, head, and face. In the course of the lesson, both Gross and Levine thus actually tried, and succeeded in, making contact with the other's face.

About twenty-five minutes into the exercise, Gross hit Levine in the left eye. Gross asked Levine if he was hurt and if he wanted to stop. Levine assured Gross that, other than popping out a contact lens, the blow caused no harm and requested that they continue sparring. Gross agreed to continue, but suggested

that they switch from sparring, which is more like boxing, to grappling, which is more like wrestling.

Five or ten minutes into the grappling session found both men prone on the floor. While stretching his arms forward in an effort to sit up, Gross accidentally poked Levine in the right eye.

Even though he cried out, Levine did not think he was injured and insisted on finishing the lesson. Only after he left the studio did he realize that his vision was affected. He was diagnosed with detached retinas in both his left and his right eye and underwent surgery to repair them.

Levine sued Gross and appellee Dragon Kenpo, Inc., d.b.a. Tracy's Karate School. In his complaint, Levine set forth causes of action alleging negligence and recklessness.

Defendants moved for summary judgment, and plaintiff replied in opposition. The lower court granted defendant's motion on November 6, 1996. Plaintiff then brought this appeal.

### Assignment of Error

"The trial court erred granting Defendant–Appellees' motion for summary judgment."

The lower court based its grant of summary judgment on two grounds: that plaintiff expressly assumed the risk of injury as a matter of law when he signed a valid release, and that defendants did not act recklessly as a matter of law. On appeal, plaintiff challenges both these grounds.

On June 19, 1992, when Levine first started taking karate lessons with Gross at the studio, he signed a release as part of his "Student Agreement." The release provided:

"Student * * * further acknowledges the existence of some risk of personal injury in participating in said course of instruction and that he assumes this risk without liability to the studio, by executing this contract and participating in said course of instruction student hereby agrees to and releases TRACY'S KARATE STUDIO, its owners, agents, employees and other students from all liability in said course of instruction."

Plaintiff read this release before he signed it, and says he understood it.

The lower court determined that by signing this release Levine expressly assumed the risk of injury.

A participant in a recreational activity expressly assumes the risk of injury when he contracts with a proprietor of the activity not to sue for future injuries caused by the proprietor's negligence. See *Bowen v. Kil–Kare, Inc.*

(1992), 63 Ohio St.3d 84, 90, 585 N.E.2d 384, 390–391.   However, to be upheld the contract must be clear, unequivocal, and unambiguous, and it must be specific enough to cover only those claims of which the participant would be aware. *Tanker v. N. Crest Equestrian Ctr.* (1993), 86 Ohio App.3d 522, 525–526, 621 N.E.2d 589, 590–591.

▮   Plaintiff argues that the release's term "some risk" was ambiguous in that it implied only "minor" risks.   He argues that the release is too ambiguous and too general to be enforceable.

We reject this argument.   Plaintiff had been engaged in the martial arts since 1967.   He knew exactly the kind of risks involved, because he had suffered several previous injuries, including dislocated fingers, a knee injury requiring surgery, and, most relevantly here, a corneal abrasion.

Plaintiff thus understood exactly this kind of risk posed by sparring and grappling in the course of a karate lesson.   By signing a contract that "releases Tracy's Karate Studio, its owners [and] its employees * * * from all liability in said course of instruction," Plaintiff expressly agreed to assume that risk.

▮   "[O]ne who is injured by the reckless misconduct of a fellow participant in a sport may, under some circumstances, bring an action in tort."[1]   *Thompson v. McNeill* (1990), 53 Ohio St.3d 102, 104, 559 N.E.2d 705, 708.   A participant in a sporting event is reckless if he does or fails to do an act that it his duty to do, when a reasonable person would know that his conduct (which must be more than negligent) creates a risk of harm that is unreasonable under the circumstances of the sport.   *Id.* at 104–105, 559 N.E.2d at 707–709.

The lower court determined that Gross was not reckless as a matter of law in the first incident, when Gross hit Levine's left eye with his closed fist in the course of sparring.   The lower court likewise determined that Gross was not reckless in the second incident, when Gross poked Levine's right eye while trying to rise from a prone position.

▮   There is an "inverse relationship between duty and dangerousness" in sports: "the standard of care rises as the inherent danger of the sport falls."   *Id.* at 106, 559 N.E.2d at 709.   Karate is a high-contact, inherently dangerous sport where contact to the head, face, and other parts of the body is actually encouraged by the rules.

---

1.   The release discussed above is irrelevant to appellant's claim for recklessness, because assumption of the risk bars only claims for negligence.   See, *e.g., Bowen, supra.*

With dangerousness so high, duty is low. *Id.* Gross was therefore not reckless as a matter of law in the first incident, when he struck Levine in the left eye.

In contrast to the first incident, the second incident, when Gross poked Levine in the right eye while attempting to rise, did not occur in an exchange of martial arts blows at all. Both parties agreed it was instead a simple accident. As such, this second incident falls even shorter of recklessness than the first incident did.

In conclusion, the lower court properly granted summary judgment. Appellant expressly assumed the risk of his injuries when he signed the release. And appellees were not reckless as a matter of law.

### Cross–Assignment of Error

"Although the trial court concluded that summary judgment was appropriate, it incorrectly determined that the doctrine of primary assumption of the risk did not apply."

Because we affirmed the judgment, we need not address appellees' cross-assignment of error. R.C. 2505.22.

The lower court's grant of summary judgment to appellees is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and REECE, J., concur.