JOURNAL ENTRY and OPINION
Plaintiff-appellant, Milentije Miljkovic, appeals from the trial court's order granting summary judgment in favor of all defendants. For the reasons adduced below, the decision of the trial court is affirmed.
This case results from the injuries sustained by Miljkovic when he attempted to cross train tracks in the West Park area and was struck by a train owned and operated by defendant-appellee, Greater Cleveland Regional Transit Authority (RTA). The facts of the case are as follows. At approximately 6:55 a.m., Miljkovic was crossing the train tracks near the 140th Street overpass as a shortcut to his place of employment. Miljkovic had crossed one set of tracks when he realized he could not proceed across the next set of tracks since a RTA train was approaching at a fast rate of speed. Miljkovic could not proceed back from where he came because another train was now approaching on the tracks he just crossed. Miljkovic was stuck between the first and second set of tracks with trains approaching him from opposite directions.
The eastbound and westbound RTA tracks are situated with only a few feet of clearance between the tracks. The train traveling on the second set of tracks (eastbound) created a force of wind knocking Miljkovic into the side of the train traveling on the first set of tracks (westbound). Miljkovic suffered severe injuries. The driver of the RTA train which struck Miljkovic was defendant-appellee, Carl Finocchi.
Miljkovic initiated a personal injury lawsuit against Finocchi and RTA on January 27, 1997. After discovery was undertaken and defendants filed their motion for summary judgment, Miljkovic voluntarily dismissed his lawsuit.
Miljkovic refiled his lawsuit on September 30, 1998. Additional discovery was conducted and the claims against all defendants, other than RTA and Finocchi, were settled and/or dismissed.
Significantly, RTA and Finocchi were granted leave to amend their joint answer to add by interlineation the word primary into the affirmative defense of implicit and explicit assumption of the risk. The trial court granted their joint motion for summary judgment. This appeal now follows.
Miljkovic raises the following sole assignment of error:
 THE TRIAL COURT IMPROPERLY GRANTED SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANTS/APPELLEES, RTA AND CARL FINOCCHI.
 Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std. Oil Co. (1982), 70 Ohio App.2d 1; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio State Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108. Under Dresher, * * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim. Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704 . An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion. Saunders v. McFaul (1990), 71 Ohio App.3d 46,50; Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741.
It is elementary that to establish a cause of action in negligence, plaintiff must show: (1) a duty on the part of defendant to protect the plaintiff from injury, (2) a breach of that duty, and (3) an injury proximately resulting from the breach. Huston v. Koncieczny (1990),52 Ohio St.3d 214, 217; Jeffers v. Olexo (1989), 43 Ohio St.3d 140; Thomas v. Parma (1993), 88 Ohio App.3d 523, 527.
We are mindful that the principles of comparative negligence have superceded the doctrine of contributory negligence as an absolute bar to recovery under R.C. 2315.19. However, the advent of comparative negligence analysis does not necessarily preclude an award of summary judgment. In Mitchell v. Ross (1984), 14 Ohio App.3d 75, a post-comparative negligence case, we held at paragraph two of the syllabus:
 Summary judgment may be granted to defendants in a negligence suit where, after construing the undisputed evidence most strongly in favor of plaintiff, a reasonable person could only conclude that the contributory negligence of the plaintiff was greater than the combined negligence of the defendants.
See, also, Purpera v. Joyce Asamoto, et al. (June 22, 1995), Cuyahoga App. No. 67917.
In Ohio, the scope of the legal duty owed by the landowner to the entrant depends upon the status of the person who enters upon the land of another; i.e., trespasser, licensee, or invitee. Gladon v. Regional Transit Auth. (1996), 75 Ohio St.3d 312, 315. Although the result seems harsh, the common law on this subject is well grounded and we are not inclined to reject it. Accordingly, we agree with the Gladoncourt where an entrant upon another's land exceeds the scope of the landowner's invitation, the entrant will lose the status of an invitee and become either a licensee or trespasser. See Clary v. McDonald (1963),120 Ohio App. 8, 11, 28 Ohio Op.2d 169, 171; Sweet v. Clare-Mar Camp, Inc. (1987), 38 Ohio App.3d 6, 9. See, also, 2 Restatement of the Law 2d, Torts (1965), 181-182, at Section 332, Comment l.
Miljkovic contends that his status as a trespasser should be afforded a higher standard because pedestrians consistently utilized the accident area as a crossing and RTA failed to take any type of care to avoid injuring these frequently known trespassers. Miljkovic further argues that RTA failed to take any measures to impede pedestrians entry onto the tracks and failed to place any warning signs even though it had knowledge of prior accidents at this location.
According to the restatement, "so far as the liability of the possessor of the land to the intruder is concerned, however, the possessor's duty, and liability, will be the same regardless of the manner of entry, so long as the entry itself is not privileged." Restatement of the Law 2d 171-172, supra, at Section 329, Comment c.
In determining whether the person is a trespasser within the meaning of this section, the question whether his entry has been intentional, negligent or purely accidental is not material, except as it may bear on the existence of a privilege. Id. at 171. Without the consent or privilege to enter the area of the tracks, the law views such entry from the aspect of the landowner whose duties to the entrant flow from the parameters of his permission to be there. As a result, "the determining fact is the presence or absence of a privilege to enter or to remain on the land, and the status of an accidental trespasser is still that of a trespasser." Id. at 172.
This court cannot hold that Miljkovic was privileged to cross the tracks at that location because others had done so. It is undisputed that he was crossing the tracks as a matter of convenience as he walked to work. He was not a passenger of RTA nor was he attempting to catch the train when he was injured.
Furthermore, whether Miljkovic was privileged to enter the tracks is immaterial. A person privileged to enter the land is owed the same duties as a licensee. Restatement of the Law, supra, at Section 345. Because the duties owed to a licensee and trespasser are the same, whether Miljkovic was privileged to enter the land does not change the standard of care RTA owed to him. Soles v. Ohio Edison Co. (1945),144 Ohio St. 373.
The Supreme Court of Ohio has defined the duty a landowner owes to an entrant upon his land as follows:
 A landowner owes a duty to an invitee to exercise ordinary care for the invitee's safety and protection. Light v. Ohio Univ. (1986), 28 Ohio St.3d 66, 68. Conversely, a landowner owes no duty to a licensee or trespasser except to refrain from willful, wanton or reckless conduct which is likely to injure him. Soles, supra, at paragraph one of the syllabus. See, also, Provencher v. Ohio Dept. of Transp. (1990), 49 Ohio St.3d 265, 266; McKinney v. Hartz Restle Realtors, Inc. (1987), 31 Ohio St.3d 244, 246; Brooks v. Norfolk W. Ry. Co. (1976), 45 Ohio St.2d 34, paragraph one of the syllabus ("Where the status of a plaintiff is that of a trespasser on a railroad right-of-way at the time certain injuries were sustained by him, recovery can only be had against the railroad if the record demonstrates wanton misconduct on its part in connection with the accident."). Furthermore, a railroad owes no duty to anticipate or prevent the presence of licensees or trespassers. McKinney, supra, at 246-247; Brooks, supra, at 38; Cleveland, Akron Columbus Ry. Co. v. Workman (1902), 66 Ohio St. 509, 540 (A railroad owed a licensee no duty of "active vigilance to especially look out for and protect him."); see Mima v. Akron (1986), 31 Ohio App.3d 124, 126.
 When a trespasser or licensee is discovered in a position of peril, a landowner is required to use ordinary care to avoid injuring him. Cole v. New York Central RR. Co. (1948), 150 Ohio St. 175, 185; Cleveland Cincinnati, Columbus St. Louis Ry. Co. v. Potter (1925), 113 Ohio St. 591, 600-601. The duty to exercise ordinary care arises after the landowner "knows, or from facts within his knowledge should know or believe," that a trespasser or licensee is on the land. Restatement of Torts, supra, at Section 336, Comment d.
Gladon, supra, at 317-318.
Miljkovic outlined three theories in his appellate brief as to how the trial court erred in granting summary judgment. Miljkovic first argues that RTA should be held liable in tort based on a negligent hiring and/or supervision theory. Miljkovic's next argument is that both defendants-appellees failed to exercise the requisite standard of care. Lastly, Miljkovic argues that the defense of assumption of the risk was an improper basis to grant summary judgment. We will address the primary assumption of risk argument which we find dispositive of the appeal.
The Supreme Court of Ohio has described the defense of assumption of risk as follows in Anderson v. Ceccardi (1983), 6 Ohio St.3d 110, 112: * * * (1) consent or acquiescence in (2) an appreciated or known (3) risk * * *. The practicalities of proof require that the defense of assumption of the risk also be applicable where the risk is so obvious that plaintiff must have known and appreciated it. Id.
In Anderson, the Supreme Court announced its merger of implied (or secondary) assumption of risk with contributory negligence in light of the comparative negligence statute. R.C. 2315.19. Id. However, the Court made it clear that it did not intend to merge "express" (or contractual) assumption of risk or "primary" assumption of risk with contributory or comparative negligence. Accordingly, it stated with respect to primary assumption of risk:
 * * * [O]ur merger of the two doctrines is not intended to merge that type of assumption of risk defined as "primary assumption of risk, [footnote omitted] which concerns cases where there is a lack of duty owed by the defendant to the plaintiff. This type of assumption of risk is typified by the baseball cases where a plaintiff is injured when a baseball is hit into the stands.
Anderson, supra, at 114.
The Supreme Court recently observed this distinction and described the results that flow from it in Gallagher v. Cleveland Browns (1996),74 Ohio St.3d 427, 431-32:
 Although the Anderson court merged implied assumption of risk with contributory negligence, the court found that two other types of assumption of risk did not merge with contributory negligence — express (e.g., contractual) assumption of risk and primary ("no duty") assumption of risk. Anderson's statement that primary assumption of risk does not merge with contributory negligence is of critical importance to our discussion here because when a plaintiff is found to have made a primary assumption of risk in a particular situation, that plaintiff is totally barred from recovery, as a matter of law, just as he or she would have been before Anderson. The net result of Anderson's differentiation between primary and implied assumption of risk is that now it is of utmost importance which type of assumption of risk is put forth as a defense. * * *
Id.
The Court went on to note that because primary assumption of risk "prevents a plaintiff from establishing the duty element of a negligence case and so entitles a defendant to judgment as a matter of law, it is an issue especially amenable to resolution pursuant to a motion for summary judgment." Gallagher, supra, at 433.
This court most recently applied the primary assumption of risk doctrine in Fulton v. McCarthy Brothers Co., et al. (July 25, 1996), Cuyahoga App. No. 69900, unreported. There, this court upheld summary judgment for the defendants when plaintiff was injured when he slipped while trying to remove a manhole cover with a pick from an elevated area. In applying Gallagher and Anderson, supra, we stated:
 When a defendant raises primary assumption of risk, he/she claims to have no duty whatsoever to the plaintiff. Thus primary assumption of risk denies negligence, as a matter of law, because negligence necessarily implies duty. Primary assumption of risk is invoked where the activity undertaken involves such obvious and unavoidable risks that no duty of care is said to attach.
Holmes v. Health Tennis Corp. of Am. (1995), 103 Ohio App.3d 364.
A plaintiff who reasonably chooses to proceed in the face of a known risk is deemed to have relieved the defendant of any duty to protect him/her. See Siglow v. Smart (1987), 43 Ohio App.3d 55, 539 N.E.2d 636. From the above-mentioned facts, we believe Miljkovic, with full knowledge of the potential risks and consequences, voluntarily chose to attempt to cross the railroad tracks. There were overpass bridges within blocks in either direction of this area where the public could cross safely. RTA never authorized, condoned or in any manner permitted the public to cross over its tracks.
For these reasons, we find the trial court did not err in granting summary judgment for the defendants-appellees based upon the doctrine of primary assumption of risk.
In the instant case, Miljkovic's own testimony established that he considered trains to be dangerous, yet he voluntarily chose to cross the railroad tracks as a matter of convenience. Miljkovic further argues that others routinely crossed the tracks at this location, that other similar accidents had recently occurred near this location and the speed of the trains in this area should impose a duty of care on RTA towards these trespassers. We do not find these arguments to be persuasive. To impose primary assumption of risk, the plaintiff need only consciously expose himself to the known risk, not directly to the exact episode which causes the injury. By analogy to the baseball cases, to which the Supreme Court finds the principle applies, the baseball fan assumes the risk of being hit by a foul ball when he takes his place in the stands, not at the moment the foul ball comes flying his way. In other words, he does not have to envision the exact circumstances under which the injury is incurred. Accordingly, whether the train was speeding or others had been injured near this location is irrelevant under this analysis. That Miljkovic consciously exposed himself to the hazard was illustrated by his own testimony and is undisputed and is completely dispositive of this issue. This concept was well articulated in Fulton:
 A plaintiff who reasonably chooses to proceed in the face of a known risk is deemed to have relieved the defendant of any duty to protect him/her. See Siglow v. Smart (1987), 43 Ohio App.3d 55. From the above-mentioned facts, we believe plaintiff-appellant, with full knowledge of the potential risks and consequences, voluntarily chose to attempt to remove the manhole cover.
Fulton, supra, at 10.
Accordingly, we find that reasonable minds could only come to one conclusion: that Miljkovic's admitted perception and knowledge of the risk of injury when crossing railroad tracks constituted, as a matter of law, primary assumption of the risk. Miljkovic's sole assignment of error is overruled. Since primary assumption of risk bars the plaintiff's claims, it is not necessary to address the standard of care, negligent hiring or intervening cause arguments which are moot. App.R. 12(A)(1)(c).
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________ MICHAEL J. CORRIGAN JUDGE
TIMOTHY E. McMONAGLE, P.J., and JAMES D. SWEENEY, J., CONCUR.