[Cite as *Smith v. Be Fit With Michele, L.L.C.*, 2023-Ohio-3118.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| SETH SMITH, | **CASE NO. 2023-L-046** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the<br>Court of Common Pleas |
| BE FIT WITH MICHELE, LLC, | |
| Defendant-Appellee. | Trial Court No. 2022 CV 001209 |

**O P I N I O N**

Decided: September 5, 2023
Judgment: Affirmed

*George R. Oryshkewych*, 6100 Oak Tree Boulevard, Suite 200, Independence, OH 44131 (For Plaintiff-Appellant).

*James J. Imbrigiotta*, Glowacki, Imbrigiotta & Doucette, LPA, 7550 Lucerne Drive, Suite 408, Middleburg Heights, OH 44130 (For Defendant-Appellee).

JOHN J. EKLUND, P.J.

{¶1}   Appellant, Seth Smith, appeals the trial court's granting summary judgment in favor of Appellee, Be Fit with Michele, LLC.  For the following reasons, we affirm the judgment of the Lake County Court of Common Pleas.

{¶2}   On September 16, 2022, Appellant filed a civil complaint against Appellee. Appellant alleged that Appellee was negligent for injuries he sustained on August 3, 2020, when he was at Appellee's gym.  While "lifting dumbbells with his back on [an] exercise ball, the ball burst, causing one of the dumbbells to strike his right arm."  Appellee filed its answer on October 11, 2022.  Among its defenses, Appellee asserted that Appellant's

"claims are barred by a valid and enforceable Waiver and Release of Liability" that he had signed when he joined the gym on November 17, 2018.

{¶3} Appellee attached a reproduction of a four-page waiver and release of liability form to its answer. Appellant had signed pages 2 and 4. Pages 1 and 3 did not require a signature. The last paragraph on page 2 provides, in part: "I specifically agree and understand that use of the BeFit facilities and equipment is at my own risk * * * I further acknowledge that there have been no representations or warranties with respect to the condition, use, or maintenance of the facilities and equipment herein." The second to last paragraph on page 3 provides:

> I hereby agree that I assume all of the risks involved with any exercise activity at BeFit and that I am responsible for any resulting personal injury * * * that may occur as a result of my participation, or arising out of my participation in fitness or wellness activities occurring herein for myself * * * hereby release, indemnify, and hold harmless Be Fit with Michele, LLC, its officers, independent contractors and employees from any and all claims, demands, damages, rights of action or causes of actions, present or future arising out of my use or occupancy of BeFit or any fitness or wellness activity occurring therein, including any injuries arising from the negligence of BeFit, its officers, independent contractors, or employees * * *.

{¶4} Appellee's owner, Michele Armstrong, and Appellant each gave deposition testimony. Armstrong described her process for registering new clients in 2018, when Appellant joined her gym. She explained she required new clients to sign the informed consent and waiver form, she would scan the documents and upload only the signed pages to her computer system. She then shred the paper copies. Appellant's counsel asked Armstrong about discrepancies between the unsigned pages (pages 1 and 3) and the signed pages (pages 2 and 4.) Specifically, counsel noted that the copy of the unsigned pages Appellee had provided during discovery referred to the gym as "Armstrong Fitness," but the signed pages referred to the gym as "BeFit." Armstrong

2

Case No. 2023-L-046

explained that after Appellant joined her gym, she changed the gym's name from "BeFit" to "Armstrong Fitness." Armstrong admitted that she had accidentally compiled the unsigned pages from the new form to Appellant's signed forms while preparing the documents for discovery. She explained that nothing in the form had changed other than the gym's name. Armstrong said that she still had the form from 2018 saved on her computer system. Appellee later amended its answer to attach a copy of pages 1 and 3 of the 2018 form, which referred to the gym as "BeFit." Armstrong also filed an affidavit in which she testified that Exhibit A-3 (the amended exhibit) was a "true and accurate copy of the release that was in effect when Seth Smith signed the release." Appellant testified that his signature and writing appeared on pages 2 and 4. Appellant stated that he did not recall whether he had seen pages 1 and 3, but acknowledged that he signed the waiver and release of liability form on pages 2 and 4.

{¶5} On January 19, 2023, Appellant moved for partial summary judgment. He asserted that Evid.R. 1002 rendered the signed waiver inadmissible because: (1) no true original copy exists (because Armstrong shredded the paper copies); and (2) the electronic copy provided, which Appellee relied on, had been "pieced together," and thus could not be considered a duplicate of the original. Appellee filed a brief in opposition to Appellant's motion and a cross motion for summary judgment. On April 11, 2023, the trial court denied Appellant's motion and granted Appellee's motion, holding that no genuine issues of material fact existed and that there was no evidence that the attached waiver was not what Appellee purported it to be.

3

{¶6} Appellant timely appeals and raises one assignment of error: "The trial court erred, as a matter of law, by granting summary judgment against Plaintiff/Appellant and by denying Plaintiff/Appellant's motion for partial summary judgment."

{¶7} "In order to obtain summary judgment, the movant must show that (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "The initial burden is on the moving party to set forth specific facts demonstrating that no issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "If the movant meets this burden, the burden shifts to the nonmoving party to establish that a genuine issue of material fact exists for trial." *Id.* A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision." *Peer v. Sayers*, 11th Dist. Trumbull No. 2011-T-0014, 2011-Ohio-5439, 2011 WL 5028693, ¶ 27.

{¶8} Appellant raises five issues that he asserts are genuine issues of material fact, rendering the trial court's granting summary judgment improper. The first three will be addressed together: (1) Whether the waiver is admissible under the rules of evidence;

4

(2) whether the waiver is a duplicate of the original copy; and (3) whether Appellee established as a matter of law that it did not destroy the original writing in bad faith.

**{¶9}** Evid.R. 1002 provides: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules." Evid.R. 1003 explains that a duplicate is admissible to the same extent as an original "unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." "The Staff Notes to Evid.R. 1003 indicate that a duplicate is admissible as a copy of the original when the duplicate 'reproduces' the original 'by some accurate means * * *.'" *Straight v. Straight*, 11th Dist. Ashtabula No. 2020-A-0014, 2020-Ohio-4692, ¶ 46. The term "duplicate" is defined as "a counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques which accurately reproduce the original." Evid.R. 1001(4). Evid.R. 1004 provides, in pertinent part, that "[t]he original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible" if: (1) the original has been lost or destroyed, unless it has been lost or destroyed in bad faith; (2) the original is not obtainable.

**{¶10}** "To be deemed a proper evidentiary item for summary judgment purposes, an affidavit must be based upon the affiant's personal knowledge, must delineate facts that are admissible into evidence, and must show that the affiant would be competent to testify to the stated facts at trial." *Discover Bank v. Damico*, 11th Dist. Lake No.2011–L–108, 2012–Ohio–3022, ¶ 14; Civ.R, 56(E). "'Personal knowledge' is 'knowledge gained

5

through firsthand observation or experience, as distinguished from a belief based on what someone else has said.'" *Bonacorsi v. Wheeling & Lake Erie Railway Co.*, 95 Ohio St.3d 314, 767 N.E.2d 707, 2002–Ohio–2220, ¶ 26, quoting Black's Law Dictionary (7th Ed.Rev.1999) 875.

{¶11} In this case, Appellant provides no evidence that the exhibit attached to Appellee's amended answer is not what Appellee purports it to be. He hardly could, as he has no specific recollection of having seen the unsigned pages in 2018. All the record reflects is that Armstrong uploaded the two signed pages to her computer system, shredded the entire original, and that Appellant signed the originals of the two uploaded pages. The form is authentic, but as what, and is it admissible?

{¶12} The entire waiver and release of liability form attached to the amended answer is not a duplicate of the original writing under Evid.R. 1003; it "reproduces" only two of the original's four pages. This circumstance calls for an analysis under Evid.R. 1004.

{¶13} It is unrebutted that the exhibit, including the two unsigned pages, is a "true and accurate copy of the release that was in effect when [Appellant] signed the release." Again, Appellant offers no evidence to suggest otherwise. So, it is "other evidence of the contents of the writing." The original has been destroyed. It is not obtainable. Evid.R. 1004 renders admissible "other evidence" of the contents of a lost or destroyed original writing "unless [the original] has been destroyed in bad faith[.]" Does the record here reveal a question of fact as to whether Armstrong acted in bad faith when she shredded the original document?

6

Case No. 2023-L-046

**{¶14}** Appellant asserts that it does. The "term 'bad faith' generally implies something more than bad judgment or negligence." *State v. Wolf*, 154 Ohio App.3d 293, 797 N.E.2d 109, 2003–Ohio-4885, at ¶ 14. Bad faith "'imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud.'" *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 276, 452 N.E.2d 1315 (1983), quoting *Slater v. Motorists Mut. Ins. Co.*, 174 Ohio St. 148, 187 N.E.2d 45 (1962), paragraph two of the syllabus. Armstrong testified that it was her normal procedure in 2018 to only upload the signed pages to her computer and then to shred the paper copy. There is no evidence that Appellee shredded the instant form in bad faith. After a de novo review, the waiver and release of liability is admissible evidence of what the parties agreed. Appellant has failed to establish that genuine issues of material fact exist.

**{¶15}** Under his fourth and fifth issues on appeal, Appellant asserts that there are genuine issues of material fact of (1) whether the waiver, if admissible, effectively waived Appellee's alleged negligence of maintaining equipment; and (2) whether he expressly or impliedly assumed the risk of his injury.

**{¶16}** "Express assumption of risk * * * arise[s] where a person expressly contracts with another not to sue for any future injuries which may be caused by that person's negligence." *Anderson v. Ceccardi*, 6 Ohio St.3d 110, 114, 451 N.E.2d 780 (1983). Express assumption of the risk is the same as waiving the right to recover. See *Holmes v. Health & Tennis Corp. of Am.*, 103 Ohio App.3d 364, 367, 659 N.E.2d 812 (1st Dist. 1995). "For express assumption of risk to operate as a bar to recovery, the party waiving his right to recover must make a conscious choice to accept the consequences of the

7

other party's negligence." *Id.* at 367, citing *Anderson* at 114. "It follows that in order for a conscious acceptance to be made, an agreement purporting to constitute an express assumption of risk must state a clear and unambiguous intent to release the party from liability for its negligence." *Holmes* at 367, citing *Tanker v. N. Crest Equestrian Ctr.*, 86 Ohio App.3d 522, 621 N.E.2d 589 (9th Dist. 1993).

{¶17} Courts routinely apply releases from future tort liability if the intent of the parties regarding what kind of liability and what individuals or entities are being released is clear and unambiguous. *Reo v. Allegiance Admrs. LLC*, 11th Dist. Lake No. 2017-L-112, 2018-Ohio-2464, ¶ 20. When a writing is clear and unambiguous, the interpretation is a question of law. *Pruitt v. Strong Style Fitness*, 8th Dist. Cuyahoga No. 96332, 2011-Ohio-5272, ¶ 8, citing *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 246, 374 N.E.2d 146 (1978). "Moreover, we must read the clauses as a whole, not piecemeal." *Gomolka v. State Auto. Mut. Ins. Co.,* 70 Ohio St.2d 166, 172, 436 N.E.2d 1347 (1982).

{¶18} Here, Appellant expressly waived his right to recover from any future injuries which, he alleges, were caused by Appellee's negligence. The signed waiver expressly states: I "hereby release, indemnify, and hold harmless Be Fit with Michele, LLC, * * * from *any and all* claims, demands, damages, rights of action or causes of actions, present or future arising out of my use or occupancy of BeFit or any fitness or wellness activity occurring therein, including any injuries arising from the negligence of BeFit * * *." (Emphasis added). Appellant asserts that "nothing in the waiver purports to waive the negligent maintenance of equipment." However, the waiver also provided that: "I specifically agree and understand that use of the BeFit facilities and equipment is at my own risk * * * I further acknowledge that there have been no representations or warranties

8

with respect to the condition, use, or maintenance of the facilities and equipment herein." Reading the waiver as a whole, there is no genuine issue of material fact that Appellant expressly waived "any and all" negligence Appellee caused.

{¶19} Appellant's assignment of error is without merit.

{¶20} The judgment of the Lake County Court of Common Pleas is affirmed.

EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-L-046